## HENRY PROETZ

### vs.

## THE ST. PAUL WATER COMPANY.

Defendant took proceedings under its charter, to acquire the right to enter upon, occupy, and use for the erection, construction and operation of its works, a strip 33 feet wide, through plaintiff's land; but, not having complied with the law in that regard, said proceedings were void. Defendant, however, relying upon their regularity, did thereafter enter on plaintiff's land and constructed its works across it, and in so doing assumed to appropriate said strip across it for about 800 feet. For 500 feet it dug a deep trench, which it only partially filled, suffering the remainder of the earth thrown therefrom to remain piled on either side, thus occupying with the ditch for said distance a strip of plaintiff's land, varying in width from 40 to 75 feet. Said 33 feet strip being insufficient for its purposes, the defendant afterwards, to acquire the right to take and use for its purposes so much more as would be necessary, relocated its line across plaintiff's land, under chapter 120 of special laws of 1869,

so as to show on the map filed pursuant to said act a strip 40 feet wide, 20 feet on each side of a line drawn through the center of said ditch, and including said 33 feet strip, as necessary to be taken and used by it for its purposes; and for the purpose of acquiring the right to take and use such additional land, procured the appointment of commissioners to assess the damages, which plaintiff might sustain by reason of the taking and use, who awarded the sum of one hundred dollars to plaintiff for such damages, which defendant paid in to the clerk of the district court for plaintiff's use, pursuant to the requirements of said act. Plaintiff did not appeal from said award, but brought an action against defendant to recover damages for said above-mentioned illegal acts done on his land. *Held*, that said act did not authorize said commissioners to include in their award damages for such past trespasses, and that said award and payment were not a bar to this action.

This action was brought in the court of common pleas for Ramsey county to recover damages for alleged trespasses of the defendant upon plaintiff's land, in digging a trench across the same, in which to lay a pipe connected with the defendant's water-works, and suffering the said trench to remain open after the pipe had been laid.

The action was referred, and the referee found that the acts of the defendant complained of were done by it in pursuance of proceedings, begun in 1866, to acquire the title to a strip thirty-three feet wide across the plaintiff's land, in which proceedings commissioners were appointed, who made an award of damages for the strip of land so to be taken. That in 1869, after the trench had been dug and the pipe laid, the defendant, in pursuance of a special act of the legislature, took proceedings to re-locate the line of its works, and to acquire the title to a strip forty feet wide across plaintiff's land, and including the said strip thirty-three feet wide. That in these latter proceedings commissioners were regularly appointed, who assessed plaintiff's damages at $100, which sum was paid to the clerk of the district court for plaintiff's use pursuant to law, and that the plaintiff never appealed from the award thus made

The referee further found that the proceedings instituted in 1866, were wholly void, and that all of defendant's acts predicated thereon were trespasses; that the commissioners appointed in 1869, could not, and did not include in their award any damages sustained by the plaintiff by reason of such past trespasses; and that the plaintiff was entitled to recover for such trespasses the sum of $100.

Upon the referee's report, judgment was entered for the plaintiff from which the defendant appeals.

It is conceded that the acts done by the defendant upon the plaintiff's land prior to the award of 1869, were trespasses, and the question on this appeal is, whether plaintiff's damages for such trespasses could be and were included by the commissioners of 1869, in their award, so that the award and payment should bar the present action. So far as this question is concerned, a full statement of the case will be found in the opinion.

ALLIS, GILFILLAN & WILLIAMS, for Appellant.

I. V. D. HEARD, with G. SIGENTHALER, for Respondent.

*By the Court.*—RIPLEY, CH. J.—The defendant does not object to the referee's conclusions of law, that the proceedings of the commissioners appointed in 1866, were void; that the acts of the company subsequent thereto, and predicated thereon, were without authority of law; and that, from the time of the entry of the company, in 1868, upon plaintiff's land, to the completion of its works, which were finished prior to June 20th, 1869, it was a trespasser, and liable to the plaintiff for all damages thereby occasioned. But it takes exception to his conclusion, that the commissioners appointed in 1869, could not legally adjudicate the damages sustained by the plaintiff

by reason of such previous trespasses, nor deprive plaintiff, by their action, of his right to sue and maintain an action therefor; and that the damages, awarded to plaintiff by them, must be presumed to embrace only such damages as he would sustain by reason of proposed changes in the line as it then existed. It maintains, 1st, that it was competent for the legislature to provide that the commissioners should find the whole damages, past as well as future; 2d, that by the act of Feb. 8, 1869, sec. 5, (*Special Law of* 1869, *ch.* 120, *sec* 5,) the legislature intended that the commissioners, in assessing the damages for re-locating the line, should include those caused by the construction of the works under the prior irregular proceedings; 3d, that the commissioners in their award to the plaintiff have included the damages sustained by him by the construction of its works under such void proceedings, viz.: the trespasses complained of in this action; that the award of the commissioners and the finding of the referee are unquestionably of the same identical damages.

It these propositions were correct, the defendant's conclusion that this action cannot be maintained would follow.

Without passing upon the first of them, we are of the opinion that it cannot be gathered from the provisions of said act, that the legislature intended that the commissioners should include such past damages in their award; nor is there anything in the findings from which it can be inferred that they did   On the contrary, instead of the award and the finding being both unquestionably of the same identical damages, it is evident, upon the facts, that they cannot have been.

The referee finds, and it is not disputed, that in the fall of 1868 defendant, relying upon the regularity of said void proceedings, entered upon plaintiff's premises and commenced the construction of its works across the same, and completed the construction thereof before the 20th of June, 1869; that in

Proetz v. The St. Paul Water Company.

constructing said works, it assumed to appropriate a strip thirty-three feet wide across plaintiff's land (the width sought to be taken by said proceedings;) that for five-eighths of this distance it dug a deep ditch, varying from eleven to fourteen feet in depth, which it filled only to the depth of five or six feet, leaving the remainder open and uncovered, and suffering the remainder of the earth thrown from said ditch to remain piled on either side, thus occupying with the ditch a strip of plaintiff's land varying from forty to seventy-five feet in width for the whole extent of said deep cutting; that afterwards, on the 29th of July, 1869, the defendant published the notice, in the answer set forth as of that date, and that all the acts and proceedings of defendant, the judge and the commissioners referred to in the answer, were done and had at the several times and in manner and form as in said answer alleged; that all the damages accruing to or sustained by the plaintiff, by reason of the entry by the said defendant upon his lands, and the construction of said works as aforesaid, accrued to and were sustained by him prior to the initiation of the proceedings under said second or last-named commission.

As to the acts and doings referred to by the referee, the answer alleges, " that said strip thirty-three feet wide, which by said prior proceedings it had acquired the right to take, enter upon and occupy," being found to be insufficient, and forty feet in width, including said thirty-three feet, being necessary for its purposes, defendant, for the purpose of acquiring the right " to take and use such additional land," and having already, pursuant to the provisions of the said act, caused a survey and map to be made, filed and recorded, showing the location of its line from lake Phalon to the city, on which said strip forty feet wide, across said land was shown as necessary to be taken for its purposes, twenty feet on each side of a line drawn through the center of said ditch, " including

the thirty-three feet taken by the proceedings first set forth," applied for the appointment of three commissioners to assess the damages, which the owners of land, *"so to be taken might sustain by reason of the taking"* thereof, or *"of the constructing, use and operating"* of its works, which notice specified the points between which it proposed to re-locate its line; that such commissioners were duly appointed to assess such damages; that they duly met and proceeded, and viewed the lands *so to be taken,* and, having made a just and equitable estimate of such damages, reported the amount to be paid by defendant to each person whom they found as sustaining any damage *by reason of the taking of such lands, or by reason of the constructing, use and operating* of the works of defendant, and thereon found and stated that defendant should pay to the plaintiff for such damages the sum of one hundred dollars.

Let us assume that this amounts to a statement that the defendant applied for commissioners to appraise the damages which plaintiff might sustain by reason of the taking and use for its purposes of the whole forty feet; that they were appointed to assess, and did assess such damages. This, however, could not, in the very nature of things, include damages for past trespasses.

By the act in question, the company, *after compensation ascertained and made by such proceedings,* and not before, is to have an easement for its purposes in the land *so to be taken,* and the commissioners are to assess the damages which the owner *may sustain by reason of the taking.* (*Secs.* 2, 3, 5.) Till compensation made, the land is not taken, (*Carli vs. Stillwater & St. Paul R. R. Co.,* 16 *Minn.* 260,) that is to say, the sum awarded would be the price of the easement, which, upon payment, the company would acquire in said forty feet strip; *i. e.* an easement to arise, not a satisfaction for its past unlawful use of the land

Proetz v. The St. Paul Water Company.

It does not matter, therefore, whether the referee is right or wrong in his conclusion, that the award must be presumed to have reference merely to said additional land; however that may be, it is equally decisive of this case, that it can have no reference to past trespasses.

It will be further apparent, however, from the following considerations, that the award and finding could not be of the same identical damages, and that the former, therefore, could not be a bar to this action.

Let us admit, although in truth there is nothing in the case to warrant it, that the commissioners did include in their award damages for such past trespasses, and that it was lawful for them to do so. There can be no pretence, however, that they have included damages for past trespasses to any land of plaintiff's outside the forty feet. Yet the referee finds, that for five-eighths of the distance through plaintiff's land, the defendant, before these commissioners were applied for, had occupied with the ditch and earth thrown out of it, a strip varying from forty to seventy five feet in width. Here is a continuing trespass on portions of plaintiff's land outside the forty feet, for which the commissioners could have awarded nothing, but which is included in the referee's finding.

Instead therefore, of the two findings being unquestionably of the same identical damages, they are unquestionably, on any possible theory of the case, of damages not identical.

Supposing, moreover, that defendant had proved how much of the one hundred dollars, awarded by the commissioners, was for the right to take and use forever the forty feet, and how much was for the damage plaintiff had sustained by reason of the past unlawful possession and use thereof, it is obvious that this latter fact could only be available in mitigation of damages, not in bar of the action. As, however, there is nothing in this case, from which it can be inferred that the

commissioners included such damages in their award, so there is nothing from which it could be inferred that the defendant made such proof.

It is, of course, entirely unnecessary, in the view which we take of the facts of this case, to consider whether or not defendant's first proposition is well or ill-founded.

As to the statute in question, however, it may be observed, without going into any extended discussion of its provisions, that we discover nothing therein, from which it can be inferred that the legislature intended to authorize, or did authorize such commissioners to appraise past damages occasioned to land owners by the said unlawful entry upon and use of their property.

It is *possible*, certainly, that, " the irregularity of said prior proceedings being ascertained," the act was passed; but it does not contain a syllable, which would any more suggest the idea that the legislature were aware of such irregularity, than the answer does, that the defendant was aware thereof when that was drawn up.

It is true that sec. 5, authorizes the company to re-survey and re-locate its line; but upon this being done, and upon making compensation, as provided in the act, to the landowner, the company shall have an easement in the land covered by the re-location, " for the purpose of making, constructing, altering, protecting, and keeping in repair its said works, and using and operating the same;" *not*, shall be discharged of all claims for damages for past trespasses.  And this compensation, to be paid for the right, which is thus to arise *in future*, is to be estimated by commissioners, who, in their report thereof, must state the amount, which said company must pay to each one who *may* sustain any damage by reason of the taking of such lands, or by reason of the constructing, use or operating of such works; *not* the amount to be paid to each

person who *has* sustained damage by past acts. And the payment of the amount awarded shall be full compensation for all damage which *may* arise or accrue by reason of the taking or use ; *not,* which *shall have arisen or accrued* by reason of past trespasses. *Laws of* 1869, *ch.* 120, 1, 2, 3, 4, 7.

In view of this language, the proviso in sec. 5, that, if said company shall, in the proceedings heretofore had for locating its said line, have paid the amount awarded to any one by the commissioners in said proceedings, it shall be deemed a payment upon the amount which may be awarded in the proceedings authorized by the act, raises no presumption that the legislature intended to provide for past trespasses.

These latter proceedings are to be had upon a re-location, which is to be the same in effect, as if no location had ever been made. (*Sec. 5.*) The commissioners must of course, then, estimate the compensation for the easement to be acquired by the company, as if it had, as yet, acquired none. But if the same easement in any land had been already appraised and paid for,—the land-owner, without the provision in question, would be twice paid ; as for instance, if the latter set of commissioners were appointed to appraise the damages to arise by taking the whole forty feet of plaintiff's land upon a re-location of the line through it, and the first set had given him damages for the thirty-three feet, which he had received.

So far from contemplating any illegality in the former proceedings, this proviso seems rather to have been designed to prevent any injury to the company from the effect of the re-location in altogether wiping out the former location. The amount, which has been paid for an easement destroyed by the re-location, is to be credited upon the price to be paid for the easement to be acquired thereunder.

Whether this was within the power of the legislature, we need not consider. It is enough that, if it were, it would not

change the character of what the company is to get by the payment of the latter price.   It is still but an easement in the lands taken in such re-location, for the purpose of making, &c., and operating its works, not a discharge from liability for past trespasses.

Judgment affirmed.